UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 14-cr-20216

v                                                   Honorable Thomas L. Ludington

D-4    ROY C. BRADLEY, SR.,

        Defendant.

_____/

**ORDER REJECTING STIPULATION FOR SUBSTITUTION OF COUNSEL**

On December 19, 2014, Mark Satawa submitted a stipulation for proposed substitution of counsel for Defendant Roy C. Bradley, Sr. To effectuate the substitution, Mr. Satawa submitted a stipulation that provides: "IT IS HEREBY STIPULATED AND AGREED that Mark A. Satawa may appear in place and stead of Richard H. Morgan Jr., as attorney for the Defendant. The stipulation is signed by both Mr. Satawa and Defendant Bradley's current attorney, Mr. Richard Morgan.

It appears that Defendant Roy Bradley is attempting to retain Mr. Satawa's legal services, despite his earlier representations that he could not afford to retain an attorney. Indeed, Defendant Bradley submitted a financial affidavit attesting that he could not afford to retain an attorney, and therefore Magistrate Judge Binder appointed counsel. ECF No. 20 (Appointing counsel "[b]ecause the above-named person represented has testified under oath or has otherwise satisfied this Court that he or she (1) is financially unable to employ counsel . . . ."). Moreover, based on his representations of financial need, Mr. Bradley was also appointed counsel in his

other federal proceeding, 13-cr-20622. Mr. Satawa's stipulation does not explain how, eight months after the Indictment was filed, Defendant Bradley can now afford to retain counsel.[1]

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). However, the right to counsel does not guarantee that a criminal defendant will be represented by a particular attorney. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990).

Here, Defendant Bradley has not demonstrated good cause for allowing substitution of counsel. And Mr. Satawa has not represented that he will be prepared to proceed to trial on Bradley's behalf by February 10, 2015. Therefore, Mr. Satawa's stipulation to substitute in as counsel for Bradley will be rejected.

Accordingly, it is **ORDERED** that Mr. Satawa and Mr. Morgan's stipulation to substitute counsel for Defendant Roy C. Bradley is **REJECTED**.

                                                   s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

Dated: December 22, 2014

---

[1] It is also noteworthy that, relying on the same financial information, Roy Bradley's wife and Co-Defendant, Tammy Bradley, was also appointed counsel in the instant proceedings. *See* ECF No. 15. Tammy Bradley is not, however, seeking to retain counsel at the moment, nor does she represent that she can afford to do so. Therefore—in light of the fact that they used identical financial affidavits to receive appointed counsel—it is unclear whether Tammy Bradley can also afford counsel at this time.

- 3 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 22, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS