UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v

ROY C. BRADLEY, SR.

        Defendant.
_____/

Case No. 14-20216-04

Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**ORDER DENYING PETITIONER'S MOTION FOR COMPASSIONATE RELEASE**

On May 23, 2014 Defendant, Roy Bradley, was indicted for one count each of conspiring to defraud a financial institution, conspiracy to defraud the United States, and wire fraud. ECF No. 24. After trial, Defendant's motion for judgment of acquittal was granted as to the count of conspiracy to defraud a financial institution. ECF No. 152. A jury found Defendant guilty of conspiracy to defraud the United States. ECF No. 156. Defendant was sentenced to 18 months incarceration, to be served consecutive with his sentence in 13-20622. ECF No. 374.

Defendant filed a motion for compassionate release due to the spread of COVID-19 seeking release from incarceration. ECF No. 413. Specifically, he sought to reduce his sentence to time served or modification of his sentence to serve the remainder on supervised release or home confinement. *Id.* On July 17, 2020 Defendant informed the Court that the BOP had released him from incarceration to serve the remainder of his sentence under home confinement. ECF No. 421. Therefore, Defendant withdrew his motion to serve his sentence under home confinement. However, Defendant "maintains his motion for relief that this Court enter an Order modifying its Judgment to reduce Defendant's sentence to time served" or "a sentencing reduction so that his

two sentences (ECF No. 124; ECF No. 374) shall be served concurrently rather than consecutively." ECF No. 421 at PageID.10744.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited June 12, 2020).

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

## II.

Defendant argues that he suffers from "diabetes, hypertension, hyperlipidemia and obstructive arterial disease" increasing "his risk of contracting and suffering the most severe health consequences of COVID-19 – hospitalization and death." ECF No. 413 at PageID.10429. In his notice of amended motion, Defendant argues

> As the BOP apparently has concluded, Defendant's underlying medical conditions made him particularly susceptible to COVID-19 while confined in a federal penitentiary, he is not a recidivist risk or a danger to the community while under supervision, and the goals of sentencing can be achieved under terms of home confinement and without further incarceration. Further, the BOP apparently has concluded that Defendant's residence is an adequate location for the BOP's imposition of home confinement. A reduction in sentence to time served is therefore consistent with the sentencing guidelines and is consistent with BOP's determination of the risk factors.
> ECF No. 421 at PageID.10743.

After a sentence has been imposed, "[a] district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). 18 U.S.C. § 3582(c) provides that a term of imprisonment may be modified in three circumstances, 1) upon a motion for compassionate release pursuant to § 3582(c)(1)(A), 2) if otherwise permitted by statute or Federal Rule of Civil Procedure 35 pursuant to § 3582(c)(1)(B), or 3) the Sentencing Commission has reduced the sentencing guidelines pursuant to § 3582(c)(2). If a defendant files a motion under § 3582(c)(1)(A), he or she must first exhaust all administrative remedies with the BOP or wait for 30 days to lapse after the warden received the request. This requirement applies even during the COVID-19 pandemic. *United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion Defendant cites 18 U.S.C. § 3582(c)(1)(A)(i) as the legal rationale for his motion. However, Defendant already received the requested relief – home confinement from the BOP. Defendant's risk of contracting COVID-19 has decreased since leaving his dorm-style room

- 3 -

at Elkton and returning home to live with his wife. Now that Defendant is serving the remainder of his term on home confinement, there is no extraordinary and compelling reason to reduce his sentence. Therefore, § 3582(c)(1)(A)(i) does not provide him relief. Additionally, Defendant has not identified any federal statute or a reduction in sentencing guidelines that would warrant a reduction in his sentence. Defendant has not shown that he is eligible for a reduction in sentence.

Accordingly, it is **ORDERED** that Defendant's motion for compassionate release, ECF No. 413, is **DENIED WITH PREJUDICE**.

Dated: August 12, 2020                                s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge